UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| **WILLIAM H. HAWKINS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | Case No.  10-2111 |
| **CITY OF CHAMPAIGN, ILLINOIS,** ) | |
| **RODNEY S. MITCHELL, and** ) | |
| **JAMES M. BOWERSOCK,** ) | |
| ) | |
| **Defendants.** ) | |

# REPORT AND RECOMMENDATION

In January 2011, Plaintiff William K. Hawkins filed an Amended Complaint (#12) against Defendants Rodney Mitchell, James M. Bowersock, and City of Champaign. Defendants Mitchell and Bowersock are police officers employed by the City of Champaign. Plaintiff brings suit against them in their individual capacities. Plaintiff bring suit under 42 U.S.C. § 1983 for violations of the Fourth Amendment, among other claims. Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331, and this Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

In February 2011, Defendants filed a Motion to Dismiss Amended Complaint (#15), moving to dismiss the entire complaint against all Defendants under Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed a Response to Defendants' Motion to Dismiss (#18). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion to Dismiss Amended Complaint **(#15)** be **GRANTED** in part and **DENIED** in part**.**

## I.  Factual Background

The following background information is taken from Plaintiff's amended complaint. Plaintiff resides in Champaign, Illinois. On May 31, 2008, Plaintiff's girlfriend called the police from Plaintiff's home. Plaintiff alleges that although his girlfriend was intoxicated, she wanted to drive home, but she had lost her car keys.

Defendants Mitchell and Bowersock responded to the call. Once they arrived, Plaintiff's girlfriend told Defendants that she was sorry she called the police, that she was okay, and that she just wanted her car keys, which were inside Plaintiff's house. Defendants knocked on Plaintiff's door. Plaintiff opened the door and told them they did not have his consent to enter the home. The Defendants pushed past Plaintiff and entered his house.

At that point, Plaintiff told Defendants he did not wish to speak with them, and he called an attorney. Plaintiff asked Defendants to leave the house. While Plaintiff was still on the phone with his attorney, the Defendants "attacked plaintiff, threw plaintiff to the floor, slammed plaintiff's head into the floor, handcuffed plaintiff, and yanked plaintiff's hands up over his head while in handcuffs, all of which caused great physical pain, mental distress, and injury to plaintiff." (#12, p. 3, ¶ 9). Plaintiff provides no additional details that indicate the Defendants' motivations or intent behind their use of force, other than indicating Defendants arrested Plaintiff.

Defendants arrested Plaintiff for domestic violence and for resisting arrest. They transported him to the Champaign County Jail. On June 2, 2008, Plaintiff was charged with one misdemeanor count for resisting arrest. On March 31, 2009, the case was dismissed without conviction, as prosecutors were unwilling to pursue the charges.

## II. Standard

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must give fair notice of what the claim is and the grounds upon which it rests. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). However, fair

notice is not enough by itself; in addition, the allegations must show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). The Court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (requiring plausible grounds for inferences if those inferences are to sustain a complaint). In considering the plaintiff's factual allegations, the Court should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The application of the notice pleading standard is a context-specific task, in which the height of the pleading requirement is relative to circumstances. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009). Furthermore, where a plaintiff voluntarily provides unnecessary facts in her complaint, a defendant may use those facts to demonstrate that the plaintiff is not entitled to relief. *Tamayo*, 526 F.3d at 1086. A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Id*. (quoting *Kolupa v. Roselle Park Dist*., 438 F.3d 713, 715 (7th Cir. 2006)).

### III. Discussion

*A. Federal Claims*

*1. Unlawful Arrest*

Plaintiff brings Count I for illegal seizure in violation of the Fourth Amendment, and Count III for arrest in retaliation for protected speech. With respect to Count I, Plaintiff argues that Defendants arrested him without probable cause. With respect to Count III, Plaintiff argues that Defendants arrested him in retaliation for his actions of calling an attorney, and for asserting

3

his Fourth Amendment right to privacy of his home. This Court considers both counts essentially as counts for unlawful arrest, or stated another way, as counts for arrest without probable cause.[1]

Probable cause is an absolute defense to a claim of wrongful arrest asserted under § 1983 against police officers. *Chelios v. Heavener*, 520 F.3d 678, 685-86 (7th Cir. 2008). A police officer has probable cause to arrest if, at the time of the arrest, the facts and circumstances within the officer's knowledge "are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Wagner v. Washington Cnty.*, 493 F.3d 833, 836 (7th Cir. 2007) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). In determining whether an officer had probable cause, the court should not evaluate the facts as an omniscient observer would have perceived them; instead, the court should evaluate the facts "as they would have appeared to a reasonable person in the position of the arresting officer." *Chelios*, 520 F.3d at 686. (quoting *Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998)). If there is room for difference of opinion concerning the facts or the reasonable inferences to be drawn from them, the determination of whether an arresting officer had probable cause must be made by a jury. *Maxwell v City of Indianapolis*, 998 F.2d 431, 434 (7th Cir. 1993). However, if "the underlying facts supporting the probable cause determination are not in dispute, the court can decide whether probable cause exists." *Id*.

Here, considering Plaintiff's factual allegations in the light most favorable to Plaintiff, the Court notes that there is not enough information to conclude whether Defendants had probable cause to arrest Plaintiff or not. For example, the complaint indicates that Plaintiff's girlfriend called the police, but does not specify the nature of the call or whether she made any specific statements indicating domestic violence had occurred. Similarly, the complaint does not

---

[1] With respect to Count III, Defendants do not argue that Plaintiff has failed to satisfy elements of a First Amendment retaliation claim. They argue that Defendants have an absolute defense to this claim because there was probable cause for arrest. As such, this Court does not address the elements of a First Amendment retaliation claim.

indicate if Plaintiff was resistant or complaint with Defendants' attempts arrest him.[2] However, Plaintiff is only required to plead facts that indicate he is plausibly entitled to relief. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1083 (7th Cir. 2008). Under this standard, Plaintiff's factual allegations, despite the lack of further detail, are sufficient to withstand Defendants' challenge for failure to state a claim.

The Court notes, however, that a word of caution to Plaintiff's counsel may be warranted. The complaint specifically states that Plaintiff's girlfriend "lost her car keys so she called the police." (#12, p. 2, ¶ 7). Whenever an attorney presents a pleading to the court, he or she certifies to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. FED. R. CIV. P. 11(b)(3). Of course, if Plaintiff had stated in his complaint that his girlfriend called police to report domestic violence or ask for assistance for her safety, this would demonstrate that Defendants had probable cause for the arrest, and Plaintiff would be unable to state a claim. *See Johnson v. Saville*, 575 F.3d 656, 660 (7th Cir. 2009) (stating that officers may ordinarily rely on a victim's statement alone as probable cause for arrest).

2. *Excessive Force - Count II*

Defendants move to dismiss this count only to the extent it relies on the Illinois Constitution, discussed below. They do not argue there is any basis under federal law to dismiss this count.

---

[2] Defendants may have had probable cause to arrest Plaintiff for resisting arrest, even if they lacked probable cause to arrest for an initial offense, which in this case was domestic violence. *Chelios v. Heavener*, 520 F.3d 678, 688 (7th Cir. 2008); 720 ILCS 5/7-7.

5

*3. Custom and Policy of Illegal Seizure and Failure to Train and Supervise - Counts IX and X*

Plaintiff brings Counts IX and X against Defendant City of Champaign for custom and policy of illegal seizure, as well as failure to train and supervise. Plaintiff alleges that Defendant's customs, policies, and failure to train and supervise resulted in deprivations of Plaintiff's First and Fourth Amendment rights. A municipal entity can be held liable for a deprivation of an individuals constitutional rights only if the individual can show the existence of a municipal policy or custom and a sufficient causal link between the policy or custom and the constitutional deprivation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Defendant argues that Plaintiff has failed to state a *Monell* claim.

Plaintiffs who seek to impose liability on local governments under § 1983 must prove that "action pursuant to official municipal policy" caused their injury. *Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011). Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have force of law. *Id*. In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of official government policy for purposes of § 1983. *Id*. A municipalities' failure to train its employees must rise to the level of "deliberate indifference" to the rights of persons with whom the untrained employees come in to contact. *Id*. A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for the purposes of failure to train. *Id.* at 1360.

Here, Plaintiff does not point to any decisions by lawmakers or policymaking officials, or any widespread practices. Essentially, Plaintiff argues that his allegation that police officers failed "to distinguish bona fide domestic violence from a call from a drunken woman who merely wants her car keys so she can drive while intoxicated," by itself, is enough to indicate that Plaintiff is plausibly entitled to relief for his *Monell* claims (#12, p. 6, ¶ 30). Stated another way,

6

Plaintiff relies on a theory that the police officers' conduct here was so egregious, it indicates that it is at least plausible that there was a widespread practice and/or a failure to train that resulted in Plaintiff's injury.

This Court agrees with Defendants that Plaintiff's failure to allege any facts that indicate Defendants' systemic action or inaction constitutes a failure to state a *Monell* claim in this case. Given Plaintiff's lack of factual allegations indicating any systemic policy, custom, or failure to train, Plaintiff's *Monell* claims are mere speculation. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (indicating allegations must show it is plausible, rather that merely speculative, that a plaintiff is entitled to relief in order to meet notice pleading standards). This Court therefore recommends that Counts IX and X against Defendant City of Champaign be dismissed.

B. *State Law Claims*
1. *Causes of Action Under Illinois Constitution*

Counts I, II, and III of Plaintiff's complaint are brought for illegal seizure, excessive force, and arrest in retaliation for speech, respectively. All counts are brought under the United States Constitution and the Illinois Constitution. Defendants argue that allegations involving the Illinois Constitution should be stricken from the complaint. Defendants argue that where adequate remedies exist under state common law or federal law for certain causes of action, a plaintiff may not maintain an independent cause of action under a state constitution. Plaintiff responds that he may bring coextensive and alternative claims in the same count. Plaintiff further notes that the Illinois Constitution provides broader protections from unreasonable intrusions than the U.S. Constitution, citing *People v. Watson*, 825 N.E.2d 257, 261 (Ill. 2005).

Federal courts have found that, where state common law or federal law provide an adequate remedy to a plaintiff, a plaintiff may not bring a separate cause of action under the Illinois Constitution. *S.J. v. Perspectives Charter Sch.*, 685 F.Supp.2d 847, 862-63 (N.D. Ill. 2010). In applying this principle, a federal court must determine whether the Illinois Supreme Court would find an independent cause of action under the Illinois Constitution. *Id.* Our sister

7

court has applied this principle to actions for assault, battery, false imprisonment, false arrest, and excessive force. *Id*. (citing *Woods v. Clay*, No. 01 C 6618, 2005 WL 43239, *24 (N.D. Ill. Jan. 10, 2005); *Ingram v. Jones*, No. 95-2631, 1995 WL 745849, *4 (N.D. Ill. Nov. 29, 2005)). In a case from the Southern District, a plaintiff brought a § 1983 claim against the county and arresting officers for false arrest, unreasonable search and seizure, and other claims. *White v. Madison Cnty.*, No. 07-CV-716, 2008 WL 539230 (S.D. Ill. Feb. 26, 2008). Plaintiff alleged that police pulled him over and arrested him without probable cause. *Id*. Plaintiff also brought a separate count under the Illinois Constitution, Article I §§ 1, 2, and 6. *Id* at *5-6. The court granted defendants' motion to dismiss as to claims under the Illinois Constitution, finding that no private cause of action was available to the plaintiff where there were adequate remedies available under § 1983 and Illinois common law. *Id*.

Here, Plaintiff argues this line of case law does not apply, because the Illinois Constitution provides broader protections from unreasonable intrusions than the U.S. Constitution, and therefore it is plausible that Plaintiff may have a remedy available to him under the Illinois Constitution that is not available to him under federal law. Plaintiff cites *People v. Watson*, 825 N.E.2d 257, 261 (Ill. 2005), which states: "Our Illinois Constitution extends the 'reasonableness' requirement to 'invasion of privacy', and as a result, provides citizens of this state with broader protection from unreasonable intrusion than the fourth amendment." *Id*. However, in *Watson*, the 'invasion of privacy' refers to compulsory blood test of a criminal defendant. The authority that the court relies on in *Watson* similarly involves compulsory DNA testing. *Id.* at 279-80. Plaintiff's authority, therefore, is not analogous to this case, which concerns Defendants' entry in to Plaintiff's home.

As such, this Court relies on authority from our sister courts, finding that no private cause of action was available to this Plaintiff, because he has adequate remedies available under § 1983 and Illinois common law. This Court therefore recommends that claims under the Illinois Constitution be dismissed.

8

*2. Illinois Civil Rights Act of 2006*

Plaintiff brings several counts under the Illinois Civil Rights Act of 2006. 740 ILCS 24/5. These include: Count III, for arrest in retaliation for speech; Count V, for willful and wonton misconduct; and Count VI, for false imprisonment. All of these counts are also brought on alternative bases. Defendants argue that the Illinois Civil Rights Act of 2006 does not apply to Plaintiff's claim. Defendants note that the act creates a civil cause of action where a person is compelled to confess a crime through force or threats of force, or where a person is retaliated against for opposition to use of force or threats to obtain a confession. Plaintiff responds that there are no Illinois cases interpreting this statute, but that the act should apply to Plaintiff's allegations because Plaintiff has alleged that Defendants were "seeking information about the perceived offense of domestic violence." (#18, p. 4).

The Court notes that, on the face of the Illinois Civil Rights Act of 2006, it creates a civil cause of action where confessions have been compelled through force or threats of force, or where a person has suffered retaliatory action due to opposing an attempt to compel confession. 740 ILCS 24/5. No facts in Plaintiff's complaint indicate that Defendants used force against Plaintiff in an attempt to obtain a confession from Plaintiff. Plaintiff must make allegations that rise above the level of mere speculation. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). As such, this Court recommends that Plaintiff's claims under the Illinois Civil Rights Act of 2006 be dismissed; however, the Court will analyze those same claims under the various alternative bases under which they are also brought.

*3. Battery and Willful and Wanton Conduct*

Count IV of Plaintiff's complaint is a claim for common law battery, and Count V is a claim for willful and wanton conduct. An actor commits battery if he acts intending to cause a harmful or offensive contact, or the apprehension of the contact, and harmful contact with a person directly or indirectly results. *Cohen v. Smith*, 648 N.E.2d 329, 332 (Ill.App. 1995). An offensive contact is one that "offends a reasonable sense of personal dignity." *Id*. Defendants

9

argue they are shielded by the Illinois Tort Immunity Act (hereinafter "ITIA").[3] Under ITIA, a public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes "willful and wanton conduct." 745 ILCS 10/2-202. "Willful and wanton conduct" is defined as "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." 745 ILCS 10-1-2101. Whether an officer engaged in "willful and wonton conduct" is normally a question of fact to be determined by a jury. *Chelios v. Heavener*, 520 F.3d 678, 693 (7th Cir. 2008) (citing *Stamat v. Merry*, 397 N.E.2d 141, 145 (1979)).

Here, Plaintiff has alleged that Defendants attacked Plaintiff, threw him to the floor, slammed his head into the floor, and otherwise caused him great physical pain and injury. Plaintiff does not provide further detail that might indicate whether Defendants' use of force was motivated by intent to harm Plaintiff, or whether the force used was necessary to effect the arrest, or necessary for Defendants to defend themselves while making the arrest. Depending on the context and additional facts, it is plausible that slamming Plaintiff's head in to the ground while arresting him could constitute unauthorized touching, as well as willful and wanton conduct. Drawing all reasonable inferences in Plaintiff's favor, this Court concludes that Plaintiff's claims for battery and willful and wanton conduct should not be dismissed for failure to state a claim.

*4. False Imprisonment/ Locomotion - Count VI*

False imprisonment is a common law tort, defined in Illinois as an unlawful restraint of an individual's personal liberty or freedom of locomotion. *Lopez v. Winchell's Donut House*, 466 N.E.2d 1309, 1311 (Ill.App. 1984). Imprisonment is "any unlawful exercise or show of force by which a person is compelled to remain where he does not wish to remain or go where he

---

[3]Additionally, Defendants argue they are shielded by 720 ILCS 5/7-5. This provision of Illinois' criminal code codifies the circumstances in which an officer's use of force is justified. However, because this statute is part of the criminal code, indicating when use of force is justified and thus not a criminal offense, it is not directly applicable to Plaintiff's civil complaint.

does not wish to go." *Id.* (quoting *McKendree v. Christy*, 172 N.E.2d 380 (Ill.App. 1961)). An actor may confine a plaintiff by asserting his legal authority to do so, where such restraint is actually unlawful. *Id.* at 1312. Here, Plaintiff has alleged that he was arrested, transported to, and held in the Champaign County Jail. As such, Plaintiff has adequately pled a claim for false imprisonment.

*5. Trespass - Count VII*

Defendants argue that Count VII must be dismissed because Defendants are protected by the Illinois Tort Immunity Act, under Section 2-209. Under this statute, a public employee is not liable for an injury arising out of his entry upon any property where such entry is expressly or impliedly authorized by law. 745 ILCS 10/2-209. Police may lawfully enter a home to help a person who has asked for assistance to collect belongings and get out safely, even where the occupant clearly refuses consent. *People v. Mikrut*, 864 N.E.2d 958, 962 (Ill.App. 2007). While lawfully on the premises, police may then take further action supported by probable cause. *Id.* Here, Plaintiff's complaint states that his girlfriend called police because she had lost her keys, which were inside the house. Defendants could lawfully enter Plaintiff's home to help Plaintiff's girlfriend, who had asked for assistance to collect her belongings. As such, Plaintiff's claim that Defendants trespassed is not plausible. This Court recommends that Count VII for trespass be dismissed.

*6. Malicious Prosecution - Count VIII*

Defendants move to dismiss Plaintiff's Count VIII for malicious prosecution, arguing that Plaintiff has failed to allege that Defendants instituted or continued proceedings maliciously. Under Illinois common law, there are five elements to a claim for malicious prosecution: (1) the commencement or continuance of a civil or criminal judicial proceeding by the defendant; (2) the termination of the proceeding in the plaintiff's favor; (3) the absence of probable cause for the proceeding, (4) the presence of malice, and (5) damages to the plaintiff. *Rodgers v. Peoples Gas, Light & Coke Co.*, 733 N.E.2d 835, 840 (Ill. App. 2000); *Sneed v. Rybicki*, 146 F.3d 478, 480-81 (7th Cir. 1998). To survive a motion to dismiss, a plaintiff bringing suit against arresting officers must allege that the officers committed some improper act after they arrested him

without probable cause. *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 901 (7th Cir. 2001). For example, a plaintiff could allege malice by alleging that arresting officers pressured or influenced the prosecutors to indict, made knowing misstatements to the prosecutor, testified untruthfully, or covered up exculpatory evidence. *Id*.

Here, Plaintiff argues that he has adequately alleged the arresting officers committed an improper act after they arrested him. Specifically, Plaintiff contends that the arrest documents stated the arrest was for domestic violence, and that this was a knowing misstatement to the prosecuting attorney. The Court does not find this argument persuasive. Plaintiff's cited authority demonstrates that an arresting officer's alleged misstatements about underlying facts behind an arrest may constitute malice. *Boyle v. Torres*, No. 09 C 1080, 2010 WL 5263144, *14 (N.D.Ill. Dec. 21, 2010). The authority does not demonstrate that an officer's stated reason for making an arrest, standing alone without factual misstatements, can establish the requirement of an improper act. *See Snodderly*, 239 F.3d at 901. If it could, then nearly every arrest lacking probable cause would also constitute malicious prosecution. Plaintiff does not plead any facts that plausibly indicate that he is entitled to relief for malicious prosecution. The Court thus concludes that Count VIII of Plaintiff's complaint should be dismissed.

### IV. Summary

For the reasons stated above, this Court recommends that Defendants' Motion to Dismiss Amended Complaint **(#15)** be **GRANTED** in part and **DENIED** in part. Specifically, the Court recommends that all claims under the Illinois Constitution and the Illinois Civil Rights Act of 2006 be dismissed, as well as Count VII for trespass, Count VIII for malicious prosecution, Count IX for custom and policy of illegal seizure alleged against Defendant City of Champaign, and Count X for failure to train and supervise alleged against Defendant City of Champaign. As to all other claims, this Court recommends that Defendants' motion to dismiss be denied.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986)**.**

ENTER this 25th day of May, 2011.

s/ DAVID G. BERNTHAL<br>U.S. MAGISTRATE JUDGE